IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTONIE-DEVON SMITH,

        Petitioner,

v.                                              CIVIL ACTION NO. 2:25-cv-00183

CHARLESTON POLICE DEPARTMENT,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's March 20, 2025 *Petition for Relief from a Conviction or Sentence* (Document 1), brought on the grounds, *inter alia*, that he was wrongfully arrested and charged in state court, subject to unlawful bond and to cruel and unusual punishment, unlawfully classified as a ward of the state, and wrongfully detained. Mr. Smith has a separate civil action pending before the Honorable Thomas E. Johnston, referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, in Civil Action No. 2:25-cv-131. Mr. Smith's *Petition* was initially filed in that case, and Judge Tinsley directed that it be filed as a separate habeas action.

By *Standing Order* (Document 2) entered on March 21, 2025, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On March 25, 2025, the Magistrate Judge submitted a *Proposed Findings and Recommendation*

1

(Document 3) wherein it is recommended that this Court dismiss the Petitioner's Section 2241 Petition and remove this matter from the Court's docket.  Objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by April 11, 2025.  The Petitioner filed objections timely.

The Court has reviewed the *Affidavit of Antonio-Devon: Smith, TTEE* (Document 4), the *Objection to Proposed Findings and Recommendation* (Document 5), the *Memorandum of Law in Support of Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* (Document 6), the *Statement for the Record* (Document 7), the Petitioner's *Motion to Dismiss for Lack of Personal Jurisdiction* (Document 8) (seeking dismissal of any criminal proceedings against him), the *Memorandum of Law in Support of Plaintiff's Motion to Dismiss for Lack of Personal Jurisdiction* (Document 9), the *Affidavit of Antonio-Devon: Smith, TTEE in Support of Motion to Dismiss for Lack of Personal Jurisdiction* (Document 10), the Petitioner's *Follow-Up Motion to Dismiss with Prejudice* (Document 11), the *Memorandum of Law in Support of Plaintiff's Follow-up Motion to Dismiss with Prejudice* (Document 12), the *Revised Petition for Writ of Habeas Corpus (28 U.S.C. § 2241)* (Document 13), the *Motion to Compel Ruling on Objections to Magistrate's PF&R* (Document 14), the *Memorandum of Law in Support of Motion to Compel Ruling* (Document 15), the *Revised Note of Supplemental Authority and Evidence* (Document 16), the *Memorandum of Law in Support of Supplemental Notice and Evidence* (Document 17), the *Supplemental Notice of State Court Filing in Support of Federal Claims* (Document 18), the *Motion to Expedite Ruling on Petition for Writ of Habeas Corpus and Related Motions* (Document 19), and the *Memorandum of Law in Support of Motion to Expedite Ruling* (Document 20).

**STANDARD OF REVIEW**

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

Petitioner Antonio Devon Smith was arrested on January 26, 2025, after his flight from a traffic stop. He was charged with "obstructing officer/fleeing from officer" in violation of West Virginia Code § 61-5-17(f) in Kanawha County Magistrate Court and detained in South Central Regional Jail. He was appointed counsel as to the state proceeding and released on bond on February 5, 2025. He indicates that he was told not to leave the state and is subject to ongoing supervision and other restrictions on his liberty while awaiting potential indictment. Mr. Smith contends that there was no legal basis for the traffic stop, that his arrest was without probable cause, that he has been denied due process, that aspects of his detention were unconstitutional, that he was appointed counsel despite his request to represent himself, that his speedy trial right has

3

been violated, and that restrictions on his freedom prior to conviction are unlawful. Several of the Petitioner's filings appear to be filed in both this case and in his pending civil action in 2:25-cv-131.

In the PF&R, Magistrate Judge Aboulhosn recommends that this Section 2241 Petition be dismissed. He explains that federal habeas relief is generally not available in relation to pending state charges, absent exhaustion of state remedies and special circumstances supporting federal review. He cites the *Younger* abstention doctrine, noting that federal intervention is generally inappropriate where the federal claims can be presented in ongoing state judicial proceedings. (PF&R at 3-4, citing *Younger v. Harris*, 401 U.S. 37, 43 (1971.))  Judge Aboulhosn found that the Petitioner's claims could be presented in the ongoing state court proceedings, and that the state "has an important interest in maintaining the efficient operation of its criminal justice system in determining Petitioner's innocence or guilt of those charges without undue federal interference." (PF&R at 5.) He further found no allegations that would support any exception to abstention.

The Petitioner's filings largely repeat his claims. The Court has considered all of the filings collectively and will address the portions of those filings that can reasonably be construed as objections. To the extent the filings assert additional claims, the Court finds that those claims would not impact the result herein as to his 28 U.S.C. § 2241 claim. Many of the Petitioner's allegations are more appropriate to his non-habeas civil action, where they are separately under consideration.

The Petitioner contends that he is "in custody" because of the restraints on his liberty "while awaiting potential indictment by a secret counsel." (Document 6 at 1.) He seeks an order lifting all pretrial restrictions, a declaration that his constitutional rights were violated, dismissal

of any future proceedings related to his January 26, 2025 arrest, and return of his personal property, including his firearm. He argues that the state courts lack jurisdiction over him because he is a U.S. National who "does not identify as a citizen of any particular state," and is not domiciled in West Virginia. (Document 9 at 2.) He therefore asks this Court to dismiss the state proceedings against him. He indicates that he has filed motions in state court detailing the alleged constitutional violations, and the state court has permitted repeated and ongoing violation of his rights.

In *Younger v. Harris*, the Supreme Court held that a federal court must generally abstain from enjoining state criminal prosecutions challenged on constitutional grounds. *Younger v. Harris*, 401 U.S. 37, 43 (1971). The Court explained that "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id*. at 43-44. The Fourth Circuit held that "[b]ecause in a typical state criminal trial a defendant can raise his constitutional claims as a defense to prosecution, he has an adequate remedy at law." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006). "Absent a few extraordinary exceptions, *Younger* mandates that a federal court abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Id.* Federal courts may intervene in state prosecutions only upon a showing of bad faith or harassment by state officials, that the state law at issue is flagrantly unconstitutional, or that other extraordinary circumstances present a threat of immediate and irreparable injury. *Id.*

The Petitioner's filings do not directly address Judge Aboulhosn's finding that *Younger* abstention precludes federal review of his ongoing state proceeding. The Court finds that he has not presented facts or law that would permit the Court to intervene in his state prosecution. Indeed, his filings indicate that he has filed motions asserting similar claims in state court. There is no indication of special or extraordinary circumstances that would permit federal court intervention with respect to the Petitioner's bond conditions or his state prosecution. Therefore, the Court finds that his objections should be overruled, and his remaining motions terminated as moot.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Petitioner's *Objection to Proposed Findings and Recommendation* (Document 5) be **OVERRULED**, that Judge Aboulhosn's *Proposed Findings and Recommendation* (Document 3) be **ADOPTED**, that the Petitioner's *Petition for Relief from a Conviction or Sentence* (Document 1) and *Revised Petition for Writ of Habeas Corpus (28 U.S.C. § 2241)* (Document 13) be **DISMISSED,** and that this matter be **REMOVED** from the Court's docket. The Court further **ORDERS** that all other pending motions be **TERMINATED as moot**.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not

satisfied in this instance.  Accordingly, the Court **ORDERS** that a a certificate of appealability be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and any to unrepresented party.

ENTER: July 24, 2025

*[signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA